Honorable S. Kate Vaughan

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NOAH SAEEDY, VISHAL SHAH, TINA WILKINSON, and M.C., a minor, by and through his natural parent and legal guardian, Moses Chatmann III, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington Corporation,<br><br>Defendant. | Case No. 2:24-cv-00219 SKV<br><br>**PLAINTIFFS' MOTION FOR RELIEF FROM DEADLINE TO OPPOSE DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>**Note for Motion Calendar: March 8, 2024** |



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## I. INTRODUCTION

Currently pending before this Court are two motions at tension with one another: Defendant Microsoft's motion to compel arbitration and Plaintiffs' motion to remand this case to the King County Superior Court. Both motions are noted to be heard on March 22, 2024, and the parties must file their respective oppositions by March 18, 2024.

As Plaintiffs explain in their motion to remand, Microsoft has failed to meet its burden to establish that this Court has jurisdiction to hear the instant case. If Plaintiffs are correct, this Court lacks the authority to hear Microsoft's motion to compel arbitration, and any effort by the parties to continue briefing that motion and by this Court to resolve it would be an unnecessary waste of time and resources. Accordingly, to conserve the time and resources of this Court and the parties, this Court should relieve Plaintiffs from the deadline to oppose Microsoft's motion to compel arbitration and note that motion for the fourth Friday after Plaintiffs' motion to remand is resolved.[1]

## II. PROCEDURAL HISTORY

On July 21, 2023, Plaintiffs Noah Seedy, Vishal Shah, and Tina Wilkinson, together with a minor plaintiff,[2] filed a class action in this Court against Microsoft on behalf of various nationwide and statewide classes alleging federal and state law causes of action arising from Microsoft's unlawful and surreptitious interception of users' internet browsing data through its Edge internet browser. *See* Case No. 23-cv-1104 (the "Original Federal Case") (assigned to Hon. Barbara Jacobs Rothstein), Dkt. 1. At Microsoft's urging, Judge Rothstein dismissed that case for lack of Article III standing but gave the plaintiffs the opportunity to seek leave to amend their complaint. *See* Original Federal Case, Dkt. 44. The plaintiffs in the Original Federal Case chose to voluntarily dismiss their claims without prejudice on January 22, 2024. *See* Original Federal Case, Dkt. 45. Plaintiffs Saeedy, Shah, and Wilkinson, joined by new Plaintiff M.C. (a minor), then filed the instant

---

[1] Prior to filing this Motion, Plaintiffs unsuccessfully sought a stipulation from Microsoft to the relief requested herein.

[2] That minor plaintiff is not a plaintiff to the instant action.



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

case—based on a *nearly identical* complaint to that in the Original Federal Case—in the Superior Court of the State of Washington for King County (the "State Case").[3] *See* State Case, Dkt. 1-1.

On February 16, 2024, Microsoft removed the State Case to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA") and federal question jurisdiction, claiming that new allegations and the new plaintiff in the State Case complaint "remedy the Article III deficiencies" upon which this Court had dismissed the Original Federal Case, but offering no explanation of how that is the case. *See* State Case, Dkt. 1 (Notice of Removal) at 2. Microsoft also filed a Notice of Related Case, relating the State Case to the dismissed Original Federal Case. *See* State Case, Dkt. 3.

One week later, on February 23, 2024, Microsoft filed a motion to compel arbitration and stay the instant case. *See* State Case, Dkt. 6 ("Motion to Compel Arbitration"). That same day, Plaintiffs filed a motion to remand this case to the King County Superior Court on the basis that, in removing this case to federal court, Microsoft failed to meet its burden to prove that the allegations in the State Case establish Article III standing. *See* State Case, Dkt. 10 ("Motion to Remand").

Both motions are noted for March 22, 2024.

## III. ARGUMENT

### A. Legal Standard

"District courts have inherent power to control their dockets." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). "When an act ... must be done within a specified time, the court, may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). In this Court, a party may seek relief from a deadline, and the court may grant such relief at its discretion. *See* LCR 7(j).

[3] The State Case was assigned Case No. 24-2-01516-7 SEA by the Superior Court. Upon removal to this Court by Microsoft, it was assigned Case No. 2:24-cv-00219. For simplicity, all citations to the State Case docket are to the federal docket.



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

**B. The Court Should Excuse Plaintiffs from the Deadline to Oppose Defendant's Motion to Compel Arbitration**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, subject matter jurisdiction is a threshold issue that federal courts must resolve before proceeding to resolve any other issues raised by the parties. *See Potter v. Hughes*, 546 F.3d 1051, 1056 n.2 (9th Cir. 2008) (acknowledging principle that "federal courts normally must resolve questions of subject matter jurisdiction before reaching other threshold issues.").

This Court is currently set to hear Microsoft's Motion to Compel Arbitration and Plaintiffs' Motion to Remand on March 22, 2024. Those motions are in tension with one another, since at the heart of Plaintiffs' Motion to Remand is the threshold question of whether, in removing the State Case to this Court, Microsoft has met its burden to establish that this Court has subject matter jurisdiction over the case and the resulting ability to hear the Motion to Compel Arbitration. Critically, if this Court grants Plaintiffs' Motion to Remand, any time and resources spent by the Court and the parties towards resolving the Motion to Compel Arbitration will have gone to waste. Thus, prior to determining whether this case should be sent to arbitration, this Court should first decide Plaintiffs' Motion to Remand and excuse Plaintiffs from their deadline to oppose the Motion to Compel Arbitration until after resolution of the Motion to Remand. *See Tosic v. Blakemore-Tomason*, 2023 WL 4054272, at *1 (W.D. Wash. May 16, 2023) (granting plaintiff's motion for relief from deadline and staying plaintiff's deadline to cure filing deficiencies pending resolution of motion to remand).

Because the deadline to oppose the Motion to Compel is more than two weeks away, Plaintiffs bring this Motion "sufficiently in advance" of that deadline, as required by Local Rule 7(j). *See* LCR 7(j). Additionally, shortly after Microsoft filed its Motion to Compel Arbitration and before Plaintiffs filed this Motion, Plaintiffs unsuccessfully sought a stipulation from Microsoft to the relief requested herein.



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## IV. CONCLUSION

For the reasons stated above, Plaintiffs should be excused from the deadline to oppose Defendant's Motion to Compel Arbitration until after this Court resolves Plaintiffs' Motion to Remand. Plaintiffs respectfully request that this Court set the noting date on the Motion to Compel Arbitration to the fourth Friday after this Court resolves Plaintiffs' Motion to Remand.

DATED this 27th day of February 2024. **SUMMIT LAW GROUP, PLLC**

I CERTIFY THAT THIS MEMORANDUM CONTAINS 1,100 WORDS IN COMPLIANCE WITH THE LOCAL CIVIL RULES.

By *s/ Alexander A. Baehr*
Alexander A. Baehr, WSBA No. 25320
Molly J. Gibbons WSBA No. 58357
315 Fifth Avenue S., Suite 1000
Seattle, WA 98104
Telephone: (206) 676-7000
Email: alexb@summitlaw.com
mollyg@summitlaw.com

**BIRD, MARELLA, RHOW, LINCENBERG, DROOKS & NESSIM LLP**
Ekwan E. Rhow *(pro hac vice forthcoming)*
Marc E. Masters *(pro hac vice forthcoming)*
Barr Benyamin *(pro hac vice forthcoming)*
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067
Telephone: (310) 201-2100
Email: erhow@birdmarella.com
mmasters@birdmarella.com
bbenyamin@birdmarella.com

**GLANCY PRONGAY & MURRAY LLP**
Jonathan Rotter *(pro hac vice forthcoming)*
Raymond D. Sulentic *(pro hac vice forthcoming)*
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: jrotter@glancylaw.com
rsulentic@glancylaw.com

**CLARKSON LAW FIRM, P.C.**
Glenn A. Danas *(pro hac vice forthcoming)*
Yana Hart *(pro hac vice forthcoming)*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070
Email: gdanas@clarksonlawfirm.com
yhart@clarksonlawfirm.com

Attorneys for Plaintiffs and
the Putative Classes and Subclasses

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the USDC, Western District of Washington, using the CM/ECF system which will send notification of such filing to the following:

DAVIS WRIGHT TREMAINE LLP
Stephen M. Rummage
Fred B. Burnside
Jaime Drozd
Xiang Li
Caleah Whitten
James Moon *(pro hac vice forthcoming)*
Email: stephenrummage@dwt.com
fredburnside@dwt.com
jaimedrozd@dwt.com
xiangli@dwt.com
caleahwhitten@dwt.com
jamesmoon@dwt.com

DATED THIS 27th day of February 2024.

*s/ Karen M. Lang*
Karen M. Lang, Legal Assistant
karenl@summitlaw.com



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001