The Honorable S. Kate Vaughan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NOAH SAEEDY, VISHAL SHAH, TINA WILKINSON, and M.C., a minor, by and through his natural parent and legal guardian, Moses Chatmann III, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

MICROSOFT CORPORATION, a Washington corporation,

Defendant.

No. 2:24-cv-00219-SKV

**MICROSOFT'S OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM DEADLINE TO OPPOSE MOTION TO COMPEL ARBITRATION**

NOTE ON MOTION CALENDAR:
March 8, 2024



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Plaintiffs ask the Court to stay briefing on Microsoft's pending Motion to Compel Arbitration (Dkt. 6) because Plaintiffs filed a subsequent Motion to Remand (Dkt. 11). As both motions involve the threshold question of the Court's jurisdiction, there is no good reason to indefinitely delay only Microsoft's motion, which must be resolved before further litigation proceeds.[1] The Court should deny Plaintiffs' request and briefing for both motions should continue as scheduled.

Plaintiffs argue that "subject matter jurisdiction is a threshold issue that federal courts must resolve before proceeding to resolve any other issues raised by the parties." Mot. 4. They ignore that Microsoft's motion to compel arbitration is also considered an issue of subject matter jurisdiction that the Court must decide at the outset. *See, e.g.*, *Harris v. Allied Universal Sec. Servs., LP*, 2024 WL 713912, *2 (D. Or. 2024); *Epic Advert., Inc. v. Asis Internet Servs.*, 2011 WL 6182180, *3 (N.D. Cal. 2011); *Douglas v. Talk Am. Inc.*, 2006 WL 5217301, *1 n.1 (C.D. Cal. 2006), *vacated on other grounds sub nom.* 495 F.3d 1062 (9th Cir. 2007) ("Though the Ninth Circuit has yet to rule definitively on this issue, district courts have held that motions to compel arbitration may appropriately be styled as motions to dismiss for lack of subject matter jurisdiction.") (collecting cases). The pending motions are treated the same in this Court: "the Local Rules for the Western District of Washington construe motions to compel arbitration in the same manner as motions to remand or transfer, i.e., as 'motions directed toward changing the forum[.]'" *Zeiger v. Hotel Cal. by the Sea LLC*, 2022 WL 1499670, *3 (W.D. Wash. 2022). The Court should decide both parties' pending motions at the earliest opportunity (i.e., at the same time) so that this case can proceed in the proper forum.[2]

[1] As explained in the Notice of Related Case (Dkt. 3) and Plaintiffs' motion (Dkt. 11 at 2), Judge Rothstein dismissed a prior dispute between substantially the same parties on substantially the same issues.

[2] Plaintiffs cite one example of a Court granting a stay based on a pending motion to remand. The case involved a pro se plaintiff seeking to stay a deadline to "cure certain filing deficiencies" because he had other commitments in other cases. *See Tosic v. Blakemore-Tomason*, 2023 WL 4054272, *1–2 (W.D. Wash. 2023). The Court denied the motion because the plaintiff did not establish good cause but stayed the deadlines under its inherent authority. *Id.* The difference here is that Plaintiffs' request would delay briefing and resolution of a threshold issue whether this case should be in a court or in arbitration as the parties agreed. To the extent the Court decides to issue a stay, it should stay all proceedings besides the two pending motions. *See* Dkt. 27 (order setting deadlines).



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Even if the Court *decides* Plaintiffs' threshold motion first, there is no reason to stay *briefing* on Microsoft's threshold motion. Courts routinely decide motions to remand and dispositive motions at the same time. *See Reed v. Corinthian Coll., Inc.*, 2005 WL 8173881, *2 (W.D. Wash. 2005) (addressing both motion to remand and motion to compel arbitration); *Guardado v. Cascadian Bldg. Mgmt.*, 2016 WL 3105041, *1 (W.D. Wash. 2016) (addressing both motion to remand and motion to dismiss); *Garoutte v. Am. Family Mut. Ins. Co.*, 2013 WL 231104, *1 (W.D. Wash. 2013) (same). Anything else could result in prolonged serial motion practice on equally important threshold issues. *See Hunt v. Meta Platforms, Inc.*, 2024 WL 20825, *1 (N.D. Cal. 2024) ("Having any potential Rule 12 motion briefed at the same time as a motion to compel arbitration will permit the case to move forward expeditiously regardless of how the arbitration motion is resolved.").

Plaintiffs' request to stay briefing on Microsoft's motion will cause delay for no gain. As Microsoft will set forth in its remand-opposition brief, the Court should deny the remand motion based on Plaintiffs' new allegations that Microsoft tracked their personal online browsing while they were logged into Microsoft accounts (a claim that both amends the standing allegations Judge Rothstein found inadequate and confirms Plaintiffs' agreement to arbitrate). If the Court denies the remand motion, a resolution on Microsoft's motion will be weeks or months delayed for no reason. *See, e.g., Royal Pac. Enters., Inc. v. King*, 2008 WL 11388612, *4 (D. Nev. 2008) ("The pendency of a motion to remand does not provide good cause to postpone discovery because … remand may be denied—as occurred in this case."). Even if Plaintiffs succeed on their remand motion, their work in opposing Microsoft's request is not wasted, as the parties will litigate the same issues in state court. *See, e.g., Reed*, 2005 WL 8173881, *2 ("Even if this Court were to … grant remand, the issue of compelling arbitration would very likely arise again, thus wasting judicial resources and the parties' efforts."); *Royal Pac.*, 2008 WL 11388612, *4 ("Even if the case is remanded, the discovery obtained on the state law claims will be useful in the state court proceedings."). There is no good reason to impose a substantial delay in briefing and resolving this crucial issue.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

The Court should deny Plaintiffs' request to delay Microsoft's motion to compel arbitration. The Court should take briefing on both pending motions so that decisions can be issued as soon as possible. The Court should stay all *other* proceedings besides the two pending motions. *See* Dkt. 27 (order setting deadlines).

DATED this 6th day of March, 2024

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Microsoft Corporation*

By: */s/ Fred B. Burnside*
Stephen M. Rummage, WSBA #11168
Fred B. Burnside, WSBA #32491
Jaime Drozd, WSBA #35742
Xiang Li, WSBA #52306
Caleah Whitten, WSBA #60209
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
steverummage@dwt.com
fredburnside@dwt.com
jaimedrozd@dwt.com
xiangli@dwt.com
caleahwhitten@dwt.com

James Moon, *pro hac vice* pending
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
jamesmoon@dwt.com

*I certify that this memorandum contains 904 words, in compliance with the Local Civil Rules.