Honorable S. Kate Vaughan

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NOAH SAEEDY, VISHAL SHAH, TINA WILKINSON, and M.C., a minor, by and through his natural parent and legal guardian, Moses Chatmann III, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

MICROSOFT CORPORATION, a Washington Corporation,

Defendant.

Case No. 2:24-cv-00219 SKV

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RELIEF FROM DEADLINE TO OPPOSE DEFENDANT'S MOTION TO COMPEL ARBITRATION**

**NOTE FOR MOTION CALENDAR: MARCH 8, 2024**

Microsoft does not contest the following facts and legal principles that support Plaintiffs' pending Motion for Relief from Deadline:

(1) Judicial and party resources will be wasted in the event the Court grants Plaintiffs' pending Motion to Remand.

(2) Judge Rothstein previously held that Plaintiffs lack Article III in the context of a substantially identical complaint.

(3) To survive the Motion to Remand, Microsoft bears a heavy burden to establish jurisdiction and cannot rely on the conclusory statements in



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

its Notice of Removal and opposition papers here. *See, e.g., Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Briggs v. Serv. Corp. Int'l*, 653 F. Supp. 3d 839, 842 (W.D. Wash. 2023); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

(4) Microsoft's Motion to Compel Arbitration could have been filed in either the original Federal Case or in the State Case. It was not. Microsoft has chosen to forum shop by seeking removal and asking this Court to hear its Motion to Compel despite earlier claiming Plaintiffs had no standing to be in federal court. Such blatant forum shopping is improper and constitutes another basis to remand. *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 979 (9th Cir. 2011).

(5) This court has the inherent authority to control its docket and may extend Plaintiffs time to respond to Microsoft's Motion to Compel Arbitration. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); Fed. R. Civ. P. 6(b)(1); LCR 7(j).

Microsoft's only argument against granting Plaintiffs their requested relief is that doing so would result in indefinite delay and prolonged serial motion practice. These exaggerations lack any support. In the event the Court were to deny the Motion to Remand, the Court could promptly set a new noting date for the Motion to Compel Arbitration that would be only weeks later.

Microsoft also vaguely argues for jurisdiction by alluding to a few new allegations concerning Plaintiffs having been logged into their accounts.[1] But Microsoft fails to meet its burden to show how such allegations resolve the Article III standing issues that Judge Rothstein found.

Finally, even in arguing that the Motion to Remand and the Motion to Compel Arbitration should be heard on the same day, Microsoft does not refute that the Court should first resolve the

[1] Though Microsoft contends that the claims in this case center around being logged into a Microsoft account, the claims actually are premised on Plaintiffs' use of Microsoft's web browser, Edge, and are not limited to being logged into a Microsoft account while doing so. *See, e.g.,* Complaint ¶¶ 34-45 (titled "Versions 90, 92, 93 and Earlier and Later Versions of Edge Surreptitiously Intercept and Collect Private User Data and Send it to Defendant"); ¶¶ 151-157 (titled "Microsoft Does Not Disclose Edge's Data Collection Practices to Users…."); ¶ 212 (first cause of action alleging " Defendant intentionally intercepted, collected, and used the private data described herein contained in communications and messages transmitted via the Microsoft Edge browser, and collected and processed users' unique user identifiers and cookies in connection with that data, without Plaintiffs', the Classes', or Subclasses' consent or knowledge.").



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Motion to Remand. That is clearly the case. Indeed, the FAA "does not create any independent federal-question jurisdiction." *Douglas v. U.S. Dist. Court for Cent. Dist. Cal.*, 495 F.3d 1062, 1067 n.2 (9th Cir. 2007). "Rather, § 4 of the FAA 'provides for an order compelling arbitration *only* when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue.'" *Blue Cross of California v. Anesthesia Care Assoc.*, 187 F.3d 1045, 1050 (9th Cir. 1999) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25 n.32 (1983)) (emphasis added). Given that Microsoft is engaged in forum shopping and has failed to meet its burden to establish jurisdiction here in light of Judge Rothstein's prior ruling and given that Microsoft understands the Motion to Remand should be decided first, it makes good sense to separate the two motions by merely a few weeks to preserve judicial and party resources.

For the foregoing reasons, the Court should grant the Plaintiffs their requested relief.

DATED this 8th day of March 2024.

**SUMMIT LAW GROUP, PLLC**

I CERTIFY THAT THIS MEMORANDUM CONTAINS 721 WORDS IN COMPLIANCE WITH THE LOCAL CIVIL RULES.

By *s/ Alexander A. Baehr*
Alexander A. Baehr, WSBA No. 25320
Molly J. Gibbons WSBA No. 58357
315 Fifth Avenue S., Suite 1000
Seattle, WA 98104
Telephone: (206) 676-7000
Email: alexb@summitlaw.com
mollyg@summitlaw.com

**BIRD, MARELLA, RHOW, LINCENBERG, DROOKS & NESSIM LLP**
Ekwan E. Rhow *(admitted pro hac vice)*
Marc E. Masters *(admitted pro hac vice)*
Barr Benyamin *(admitted pro hac vice)*
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067
Telephone: (310) 201-2100
Email: erhow@birdmarella.com
mmasters@birdmarella.com
bbenyamin@birdmarella.com

**GLANCY PRONGAY & MURRAY LLP**
Jonathan Rotter *(admitted pro hac vice)*
Raymond D. Sulentic *(admitted pro hac vice)*
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: jrotter@glancylaw.com
rsulentic@glancylaw.com

**CLARKSON LAW FIRM, P.C.**
Glenn A. Danas *(admitted pro hac vice)*
Yana Hart *(admitted pro hac vice)*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070
Email: gdanas@clarksonlawfirm.com
yhart@clarksonlawfirm.com

Attorneys for Plaintiffs and
the Putative Classes and Subclasses

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the USDC, Western District of Washington, using the CM/ECF system which will send notification of such filing to the following:

DAVIS WRIGHT TREMAINE LLP
Stephen M. Rummage
Fred B. Burnside
Jaime Drozd
Xiang Li
Caleah Whitten
James Moon *(admitted pro hac vice)*
Email: stephenrummage@dwt.com
fredburnside@dwt.com
jaimedrozd@dwt.com
xiangli@dwt.com
caleahwhitten@dwt.com
jamesmoon@dwt.com

DATED THIS 8th day of March 2024.

*s/ Karen M. Lang*
Karen M. Lang, Legal Assistant
karenl@summitlaw.com



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001