Honorable S. Kate Vaughan

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NOAH SAEEDY, VISHAL SHAH, TINA WILKINSON, and M.C., a minor, by and through his natural parent and legal guardian, Moses Chatmann III, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington Corporation,<br><br>Defendant. | Case No. 2:24-cv-00219 SKV<br><br>DECLARATION OF MOSES CHATMANN, III IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY CASE |

I, Moses Chatmann, III, declare as follows:

1. I am an individual and the natural parent and legal guardian of one of the named Plaintiffs in the above-captioned matter, M.C., a minor, who has agreed to serve as a class representative on behalf of the other class members, whom he represents. I am over 18 years of age and have personal knowledge of the information contained in this declaration and could testify as to its contents if called upon to do so. I am an individual residing in the state of California. M.C. is an individual residing in the state of California. I am not an attorney or legal professional. I submit this declaration in support of Plaintiffs' Opposition to Microsoft Corporation's ("**Microsoft**") Motion to Compel Arbitration and Stay Case ("**Motion**").



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

2. M.C. has reviewed the documents which purport to be the Microsoft Services Agreement (the "**Agreement**" or "**MSA**") for M.C.'s use of the Microsoft Edge Browser ("**Edge**") submitted by Microsoft's attorneys in support of their motion, specifically, **Exhibit A** and **Exhibit B** to the Declaration of Suzanne Fogarty in Support of Microsoft's Motion.

3. M.C. has no knowledge about whether the MSA versions attached as **Exhibit B** to the Declaration of Suzanne Fogarty in Support of Defendant's Motion accurately reflect the language of the MSA that Microsoft claims to have published at the times described in the Fogarty Declaration. While M.C. has no reason to believe that it is not the correct document, he has no knowledge either way. M.C. does not believe that these terms have been presented to him at any point.

4. M.C. did not draft, nor did he negotiate, any of the terms in the MSA attached as **Exhibit A** and **Exhibit B** to the Declaration of Suzanne Fogarty in Support of Defendant's Motion.

5. At the request of counsel, M.C. has reviewed the Edge Terms, specifically, **Exhibit B** and **Exhibit C** to the Declaration of Yana Hart. He does not believe that he has seen these documents in the past.

6. In preparing to support Plaintiffs' opposition to Microsoft's Motion, M.C. has confirmed that he has never created a Microsoft account for the use of any of Microsoft's products or services, including Edge. Accordingly, he was never presented with any terms and conditions and did not agree or consent to any Agreement. In using Edge, M.C. did not know that he would forever be barred from bringing any claims against Microsoft in court. M.C. could never have imagined that Microsoft would be collecting sensitive and private information that could be linked to his personal identity. M.C. also was never informed that Microsoft could change its original terms at any time in perpetuity and retroactively apply them, without his consent, in an attempt to extend its original terms to other technology, services, and ultimately allow itself to take his data from the Edge Browser. He never consented to that.



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

7. In using the Edge Browser, a user is not required to be logged into any account. When M.C. accesses the Edge Browser, he is never prompted to log in. Naturally, M.C. did not know that he would forever be barred from bringing any claims against Microsoft in court as a result of Microsoft's spying of his activities on Edge (which does not appear to be within the covered services of the MSA). M.C. could never have imagined that Microsoft would be collecting sensitive and private information that could be linked to his personal identity while he is using the Edge Browser and visiting third-party websites.

8. M.C. did not agree to arbitrate claims related to Microsoft's Edge Browser; he was not presented with any arbitration contracts related to the use of Edge or the collection and use of his information, at any point. Most certainly, M.C. did not provide any consent for such arbitration contracts, be it in the ever-changing MSA, Privacy Statement(s), or somewhere else. M.C. was not required to check any boxes or sign (electronically or in writing) terms related to the Edge Browser.

9. Microsoft secretly has been collecting and using M.C.'s information and that of millions of others, without disclosure or consent. M.C. was not aware of such practice until recently. Now Microsoft contends that M.C. cannot pursue his claims in court, simply because it changed its terms over and over, and now believes the MSA is extensive enough to preclude liability or demand arbitration, without M.C.'s agreement and consent.

10. Microsoft's arbitration terms (all versions of the MSA attached to the Declaration of Suzanne Fogarty) were also not presented to M.C. at any point prior to Microsoft's filing of its Motion.

11. In 2016 or 2017, M.C. began using a Toshiba Satellite laptop, which came with Edge pre-downloaded and runs on Microsoft's Windows operating system.

12. Additionally, a Chrome laptop device with Edge pre-installed was provided to M.C. for school purposes in the state of Washington. At the time M.C. first used Edge on his



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

laptop, he was physically present in the state of Washington, where he also resided during that time.

13. As far as M.C. can recall, he did not see any terms and conditions and was not required to access or read any terms and conditions before using the device for the first time. The device came with Edge pre-downloaded and M.C. had no opportunity to agree to be bound by any terms and conditions.

14. To the extent Microsoft alleges that M.C. consented to any terms and conditions purportedly related to the use of Edge, he disaffirms any such terms and conditions, including any arbitration provision contained therein, and has completely ceased use of Edge on his Toshiba Satellite laptop.

15. M.C. never agreed to, nor does he agree now, to give up his rights to bring an action against Microsoft in court or to serve as a class representative in a class action. M.C. did not agree to arbitration in this action. M.C. understood the case would proceed as a class action and that his attorneys would be paid from the overall recovery obtained. M.C. understands now that if this matter will have to be arbitrated, that it will be not on a class basis, but on an individual basis.

16. M.C. has discussed with his attorneys the possibility of pursuing his claim against Microsoft on an individual basis. M.C. does not believe he could afford to pursue my case on an individual basis in an arbitration given that the individual damages for this claim are small, while the litigation costs (and expert costs) are likely to exceed his recovery. M.C. does not feel it is fair to enforce an arbitration clause which he did not even know about until very recently and did not agree to, which may cause him to incur many thousands of dollars in expert costs and arbitration fees, in order to attempt to prevail on his claims for statutory damages.



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

I declare under the penalty of perjury, pursuant to the laws of the State of Washington and those of the United States of America that the foregoing is true and correct.

Executed on July 11, 2024, at Bremerton, Washington.

By: M. Chatmann III

Moses Chatmann, III
*On behalf of Plaintiff M.C., a minor*



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001