Honorable S. Kate Vaughan

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NOAH SAEEDY, VISHAL SHAH, TINA WILKINSON, and M.C., a minor, by and through his natural parent and legal guardian, Moses Chatmann III, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

MICROSOFT CORPORATION, a Washington Corporation,

Defendant.

Case No. 2:24-cv-00219 SKV

DECLARATION OF VISHAL SHAH IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY CASE

I, Vishal Shah, declare as follows:

1. I am an individual and one of the named Plaintiffs in the above-captioned matter and have agreed to serve as a class representative on behalf of the other class members, whom I represent. I am over 18 years of age and have personal knowledge of the information contained in this declaration and could testify as to its contents if called upon to do so. I am an individual residing in the state of California. I am not an attorney or legal professional. I submit this declaration in support of Plaintiffs' Opposition to Microsoft Corporation's ("**Microsoft**") Motion to Compel Arbitration and Stay Case ("**Motion**").



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

2. I have reviewed the documents which purport to be the Microsoft Services Agreement (the "**Agreement**" or "**MSA**") for my use of the Microsoft Edge Browser ("**Edge**") submitted by Microsoft's attorneys in support of their motion, specifically, **Exhibit A** and **Exhibit B** to the Declaration of Suzanne Fogarty in Support of Microsoft's Motion.

3. I have no knowledge about whether the MSA versions attached as **Exhibit B** to the Declaration of Suzanne Fogarty in Support of Defendant's Motion accurately reflect the language of the MSA that Microsoft claims to have published at the times described in the Fogarty Declaration. While I have no reason to believe that it is not the correct document, I have no knowledge either way. I do not believe that these terms have been presented to me at any point.

4. I did not draft, nor did I negotiate, any of the terms in the MSA attached as **Exhibit A** and **Exhibit B** to the Declaration of Suzanne Fogarty in Support of Defendant's Motion.

5. I was not able to find any Privacy Statements that may have existed when I opened my Microsoft account. The Declaration of Xiang Li attaches only a Privacy Statement from 2024, of which I was entirely unaware. I was also unaware of the various versions of this Privacy Statement which may have existed at various times since I opened my Microsoft account to the present.

6. At the request of counsel, I have reviewed Microsoft's Change History for Microsoft Privacy Statement, specifically, **Exhibit A** to the Declaration of Yana Hart. At the time I created my Microsoft account on November 9, 2016, I do not believe a Privacy Statement was presented to me.

7. At the request of counsel, I have reviewed the Edge Terms, specifically, **Exhibit B** and **Exhibit C** to the Declaration of Yana Hart. I do not believe that I have seen these documents in the past.

8. I first created a Microsoft account on November 9, 2016, for school purposes, prior to my use of Edge in June of 2021. The account was originally created for the use of some of Microsoft's products for educational purposes, not at issue here. I did not create this account to use



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Microsoft Edge. I did not believe any binding terms and conditions presented to me at that time would apply to products that were not yet available. At no point did I believe or know that these terms and conditions would be applicable to my use of Edge, which does not require me to be logged into a Microsoft account for its use. I also was never informed that Microsoft could change its original terms at any time in perpetuity and retroactively apply them, without my consent, in an attempt to extend its original terms to other technology, services, and ultimately allow itself to take my data from the Edge Browser. I never consented to that.

9. In using the Edge Browser, a user is not required to be logged into a Microsoft account. When I access the Edge Browser, I am never prompted to log in. Naturally, I did not know that by creating an account for products other than Edge, be it Microsoft Office or Outlook (or some other product that existed at that time and later), I would forever be barred from bringing any claims against Microsoft in court as a result of Microsoft's spying on my activities on a different product—Edge (which does not appear to be within the covered services of the MSA). I could never have imagined that Microsoft would be collecting sensitive and private information that could be linked to my personal identity while I am using the Edge Browser and visiting third-party websites.

10. I attempted to retrace the steps of account creation (which I understand is the same now as at the time I first created my Microsoft account), and I noticed that one of the first pages of account creation does not have any references to any terms at all. I have reviewed the screenshots depicted in the Declaration of Yana Hart, which go through the Microsoft account registration process. I believe that it is an accurate depiction of what I was presented with when I created my account, except that I do not recall that there were references to the MSA or privacy policy at any point. I recall that on the screen where I was asked for a password, I entered a password and pressed "Enter" to submit my password. It is possible that there may have been a reference to the MSA (as depicted in paragraph 3 of Fogarty's Declaration), but I was not required to click on the terms or the "Next" button to accept the terms. When I input my password, I believe I was immediately



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

taken to the next screen. I do not believe that I clicked on any blue buttons to accept any terms and conditions or privacy policies.

11. I am not certain if the blue button during the account creation process stated "Next" or "I Agree" when creating a Microsoft account in 2016. Either way, I was not required to press a button to create an account. I believe that I was able to create accounts by simply inputting my information (email, password, date of birth, etc.) without accepting any terms or clicking on any specific button to agree to any terms. I was not required to check any boxes to express my agreement to any terms and conditions. I was not required to access or scroll through any terms. I recall first having to enter my email address, and then being directed to the next screen where I was required to create a password. Since I normally would press enter after inputting the password, I am confident that is exactly what I did when I created my Microsoft account. I recall the account creation process to be completed very quickly after an email was inputted, under a minute at most. I was not required to open, click on, or read Microsoft's MSA or Privacy Statement(s).

12. I do not remember seeing any references or hyperlinks to Microsoft's MSA or Privacy Statement when creating a Microsoft account, which, based on the re-traced steps of account creation, appears in a small font under the box stating, "create a password." I do not believe I saw any references to Microsoft's MSA or Privacy Statement. This is probably because the terms are depicted in very small font, below the box prompting to create a password and because after pressing "enter," I was immediately directed to the next screen. I was not required to stop and review any terms or click on any checkboxes to assent to any terms. Pressing "enter" after inputting a password signals my agreement to the use of that password, not my agreement to some hidden terms or agreements.

13. I did not agree to arbitrate claims related to Microsoft's Edge Browser; I was not presented with any arbitration contracts related to the use of Edge or the collection and use of my information, at any point. Most certainly, I did not provide any consent for such arbitration



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

contracts, be it in the ever-changing MSA, Privacy Statement(s), or somewhere else. I was not required to check any boxes or sign (electronically or in writing) terms related to the Edge Browser.

14. Microsoft secretly has been collecting and using my information and that of millions of others, without disclosure or consent. I was not aware of such practice until recently. Now Microsoft contends that I cannot pursue my claims in court, simply because it changed its terms over and over, and now believes the MSA is extensive enough to preclude liability or demand arbitration, without my agreement and consent.

15. Microsoft's arbitration terms (all versions of the MSA attached to the Declaration of Suzanne Fogarty) were also not presented to me at any point prior to Microsoft's filing of its Motion.

16. On or around June 2021, I began using a Lenovo T14 laptop, which came with Edge pre-downloaded and runs on Microsoft's Windows operating system. At the time I first used Edge on my Lenovo laptop and desktop, I was physically present in the state of California, where I also resided during that time.

17. As far as I can recall, I did not see any terms and conditions and was not required to access or read any terms and conditions before using the device for the first time. The device came with Edge pre-downloaded and I had no opportunity to agree to be bound by any terms and conditions.

18. I never agreed to, nor do I agree now, to give up my rights to bring an action against Microsoft in court or to serve as a class representative in a class action. I did not agree to arbitration in this action. I understood the case would proceed as a class action and that my attorneys would be paid from the overall recovery obtained. I understand now that if this matter will have to be arbitrated, that it will be not on a class basis, but on an individual basis.

19. I have discussed with my attorneys the possibility of pursuing my claim against Microsoft on an individual basis. I do not believe I could afford to pursue my case on an individual basis in an arbitration given that the individual damages for this claim are small, while the litigation



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

costs (and expert costs) are likely to exceed my recovery. I do not feel it is fair to enforce an arbitration clause which I did not even know about until very recently and did not agree to, which may cause me to incur many thousands of dollars in expert costs and arbitration fees, in order to attempt to prevail on my claims for statutory damages.

I declare under the penalty of perjury, pursuant to the laws of the State of Washington and those of the United States of America that the foregoing is true and correct.

Executed on July 11, 2024, at San Jose, California.

By: ______________________
Vishal Shah



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001