Honorable S. Kate Vaughan

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NOAH SAEEDY, VISHAL SHAH, TINA WILKINSON, and M.C., a minor, by and through his natural parent and legal guardian, MOSES CHATMANN II, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

MICROSOFT CORPORATION, a Washington Corporation,

Defendant.

Case No. 2:24-cv-00219 SKV

**PLAINTIFFS' RESPONSE TO DEFENDANT'S SUPPLEMENTAL RESPONSE IN SUPPORT OF MICROSOFT'S MOTION TO COMPEL ARBITRATION AND STAY THE CASE**



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

**A. Microsoft has Failed to Establish that an Arbitration Agreement Was Formed**

Microsoft's continual shifting theories of assent and their new "evidence" of unauthenticated screenshots demonstrates that no unambiguous assent ever occurred here, and thus no agreement ever formed. "When determining whether parties have agreed to submit to arbitration, courts apply state-law principles of contract formation and interpretation." *Suski v. Coinbase, Inc.*, 55 F.4th 1227, 1230 (9th Cir. 2022). California and Washington law both require notice and unambiguous, contemporaneous manifestation of assent. *See e.g. Berman v. Freedom Fin. Network, LLC,* 30 F.4th 849, 856 (9th Cir. 2022) (applying California law and requiring both "conspicuous notice" and evidence of "some action, such as clicking a button or checking a box, that unambiguously manifests" consumer's assent to the arbitration terms); *Burnett v. Pagliacci Pizza, Inc.*, 196 Wn.2d 38, 48 (2020) (applying Washington law and holding that "[i]t is essential to the formation of a contract that the parties manifest to each other their mutual assent to the same bargain at the same time."). Microsoft has yet to cite to any persuasive authority that establishes courts applying Washington law have found similar process to be binding on consumers.[1]

Furthermore, both federal and state courts determine contract formation for agreements governed by California law using a three-step framework that shifts the burden of production between the parties. *See Gamboa v. Northeast Community Clinic*, 72 Cal. App. 5th 158, 165 (2021); *see also Jean-Baptiste v. Cal. Coast Credit Union*, 2024 U.S. Dist. LEXIS 20869, at *3–4 (S.D. Cal. Feb. 6, 2024) (applying California's three-step burden-shifting framework to a motion to compel arbitration in federal court). First, the party moving to compel arbitration bears the burden of producing prima facie evidence of an agreement to arbitration. *Id*. If this burden is met, step two of

[1] Microsoft relies on inapplicable authorities including *Walsh v. Microsoft Corps.*, 2014 WL 4168479, *3 (W.D. Wash. 2014); *Mendoza v. Microsoft Inc.*, 2014 WL 4540225, *3 (W.D. Wash 2014); and *Day v. Microsoft Corp.*, 2014 WL 243159 *2 (W.D. Wash. 2014), in which none of the plaintiffs disputed that they clicked "Accept" to the user agreement that compelled arbitration. Further, in *Walsh* and *Mendoza*, hitting "enter" did not appear to be an option because users of Xbox Live had to select "Accept" or "Decline" and failure to click either resulted in the subscription not being processed. That is not the case here, where Plaintiffs simply hit "enter" to sign into their accounts and therefore were never presented with the MSA, had knowledge of it, or affirmatively agreed to it. Under Washington (and California) law, this is insufficient to demonstrate Plaintiffs unambiguously assented to the MSA.



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

the analysis shifts the burden to the party opposing arbitration to identify a factual dispute as to the agreement's existence. *Id*. If the party resisting identifies a factual dispute (as Plaintiffs have here), the burden then shifts back to the moving party (Microsoft, here) at the third step of the analysis to prove by a preponderance of the evidence that a valid arbitration agreement exists between the parties. *Id*.

While Microsoft may have carried its initial burden as to the MSA by pointing to the existence of an arbitration agreement within the MSA, Plaintiffs have created factual disputes regarding the existence of an agreement between the parties due to a lack of formation. They testified to having no knowledge of the agreement and stated they did not click any button to express their assent; instead, they simply provided their information. Dkt. 50, Saeedy Decl., ¶ 11; Dkt. 51, Shah Decl., ¶ 11; Dkt. 52, Wilkinson Decl., ¶ 11. Accordingly, under *Gamboa,* the burden shifted back to Microsoft to demonstrate by a preponderance of the evidence that an agreement was adequately formed. To date, Microsoft has failed to carry its burden, and now asks the Court to *assume* that its process for account creation (whatever it may have been) and asks to be excused from needing to show any actual evidence that Plaintiffs clicked on the button it provided to consumers to express their assent to terms because "Microsoft **does not** . . . keep all examples of historic screenshots of what the Microsoft account-creation process looked like at all times over the last 12 year." Dtk. 62 at 3 (emphasis added). However, failure to keep records has never excused a party from meeting its burden of proof; this Court should not be the first to hold otherwise.

To date, Microsoft's recollection of the account creation process has been inconsistent at best, depicting only what the account flow "*could*" have been at the time of Plaintiffs' account creation. Dkt. 7, Fogarty Decl. (depicting "Next" button); *cf*. Dkt. 56-2, Precipe Decl. (admitting the flow could have been different); Dkt. 63, Burnside Decl. (depicting a different flow, with different visuals and buttons—such as "I accept," and "Create account" without confirming that flow was the exact flow of what Plaintiffs would have seen; and failing to provide any evidence demonstrating that Plaintiffs clicked on the button expressing assent). *Now* Microsoft relies on the Wayback



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Machine's archives from 2013 to 2016 – though from *different* dates than the dates when Plaintiffs created the account – which depict a different account creation process from its original testimony, while also failing to attest that the screens was accurate and were presented to Plaintiffs in that exact way. The additional *contradictory*, unauthenticated, and unreliable evidence, cannot cure Microsoft's failure to demonstrate that it both (i) put Plaintiffs on notice of the MSA and (ii) that Plaintiffs unambiguously manifested their assent by *clicking* on the button *designated by Microsoft* to express their assent. *See Virun, Inc. v. Cymbiotika, Inc*., 2022 WL 17371057, at *4 (C.D. Cal. Aug. 18, 2022) (noting "there is no clear consensus in this Circuit as to whether, or under what circumstances, the Wayback Machine constitutes a source 'whose accuracy cannot reasonably be questioned'"); *Lindsay v. Shree Enterprise, LLC*, 2021 WL 2711225, at *3 n.3 (E.D. Cal. July 1, 2021) (declining judicial notice of the Wayback Machine in connection with a motion to dismiss). [2]

Again, *Gamboa* is instructive. There, the plaintiff did not recall the arbitration agreement bearing her handwritten signature. *Id*. at 163, 167. In finding the step two burden satisfied, the court noted that it "need not decide whether Gamboa challenged the authenticity of her purported signature on the arbitration agreement. It was enough that she challenged the authenticity of the agreement by saying under penalty of perjury that she did not remember it." *Id*. at 168; *see also Ramirez v. Golden Queen Mining Co., LLC*, 102 Cal. App. 5th 821, 825 (2024) (discussing split in authorities concerning handwritten signatures at step two); *Trinity v. Life Ins. Co. of North America*, 78 Cal. App. 5th 1111, 1124–25 (2022) (plaintiff's express statement that she did not recall agreeing to arbitrate by electronically clicking a "Done" box was part of a sufficient showing of a factual

[2] Unauthenticated screenshots from Wayback machine are inadmissible, especially where as here, they contradict rather than confirm the depicted original flow presented by Microsoft. *See Specht v. Google Inc.*, 747 F.3d 929, 933 (7th Cir. 2014) (district court "required authentication by someone with personal knowledge of reliability of the archive service from which the screenshots were retrieved"); *cf. United States v. Gasperini*, 894 F.3d 482, 490 (2d Cir. 2018) (evidence of internet archiving application was admissible only after knowledgeable witness testified about reliability of its contents). Indeed, contrary to Microsoft's assertion that courts within this Circuit regularly accept webpages retrieved from the Wayback Machine as authentic, courts have continuously found that the Wayback Machine is not an accurate source. This Court should reject the authenticity of this evidence and conclude that Microsoft has failed to demonstrate both notice of the MSA to Plaintiffs and Plaintiffs' unambiguous manifestation of their assent to the MSA. This is especially true where Wayback Machine may not capture the interactive elements of the website and its dynamic content/flow of the account creation process.



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

dispute at step two).[3] Here, as in *Gamboa* and *Trinity*, Plaintiffs have sufficiently identified a factual dispute regarding contract formation by denying they ever chose "Next" or any other variation of that button (*i.e.*, "I accept" or "Create account") during the account creation process. Each Plaintiff has declared under penalty of perjury that they pressed the "Enter" key on their respective keyboards after inputting a password during that step of the account creation process. They never clicked "Next," "I accept," nor "Create account." There was no assent. While Microsoft argues the two actions are "equivalent," Dkt. 62 at 7, it is far from clear, let alone established, that a reasonable user would equate those two acts. Binding precedent suggests the opposite; and Microsoft has yet to cite to any case where any court has determined otherwise. [4]

This Court should find that neither Microsoft's initial evidence, nor its supplemental evidence, is sufficient to demonstrate that Plaintiffs Saeedy, Shah, and Wilkinson were on notice of the MSA and had unambiguously manifested their assent to be bound by the terms in the MSA. *See Sellers v. JustAnswer LLC,* 73 Cal. App. 5th 444, 465 (2021) (holding that "clicking some other button" as opposed to "I Agree" is insufficient); *Burnett,* 196 Wn.2d 38, 49 ("it must be clear that the parties to the agreement had knowledge of and assented to the incorporated terms.").

**B. M.C.'s Claims Should Proceed Before This Court**

Microsoft contends that the minor Plaintiff M.C., a child with a disability, is bound by the allegations in the operative complaint as judicial admissions. But the cases Microsoft cites to in support are distinguishable in that both *Atencio v. TuneCore, Inc.*, 843 F. App'x 42, 44 (9th Cir.

---

[3] In *Trinity*, the court noted that in the absence of a signed agreement, the "[plaintiff's] testimony that she did not recall agreeing to arbitrate by electronically clicking a 'Done" box, coupled with her declaration that she would not have accepted the job in 2008 had she known of the arbitration clause" was sufficient in satisfying her burden in creating a factual dispute as to contract formation. *Id*. at 1124.

[4] Microsoft's reliance on *Cordas v. Uber Techs., Inc.*, 228 F. Supp. 3d 985, 989–90 (N.D. Cal. 2017) and *Robbins v. Mscripts, LLC*, 2023 U.S. Dist. LEXIS 156634, at *12 (N.D. Cal. Sept. 5, 2023) is misplaced. Dkt. 62 at 1, 4. Neither *Cordas* nor *Robbins* applied California's state law principles of contract formation, and the three-step burden-shifting framework used to analyze contract formation as required under California law. Moreover, the *Cordas* and *Robbins* courts found screenshots admissible only where properly authenticated, which Microsoft has failed to do here. *Cordas*, 228 F. Supp. 3d at 989–90; *Robbins*, 2023 U.S. Dist. LEXIS 156634, at *13–14; *cf. Zamudio v. Aerotek, Inc.*, 689 F. Supp. 3d 1202, 1208–09 (E.D. Cal. 2023) (finding declaration insufficient to authenticate documents purported to verify the plaintiff's signature).



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

2021) and *Am. Title Ins. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) involve situations in which the plaintiffs sought to change allegations in the complaint *after trial had occurred.* That is hardly the case here, where after learning of the discrepancy, Plaintiff M.C. submitted a declaration to this Court through his father, amended his state court complaint and will amend the operative complaint in this case as this case proceeds. Given the early stage of this matter justice requires that Plaintiffs have the right to correct a factual misunderstanding. Fed. R. Civ. P. 15(a). Notably, Microsoft's authorities do not demonstrate that judicial admissions could be used to establish that a person had both created an account (that he denies creating) *and* entered into a contract (which he has never attested to forming even in his complaint).

Thus, Microsoft's motion should be denied in its entirety.

Respectfully submitted,

SUMMIT LAW GROUP, PLLC

I certify that this memorandum is 5 pages in total length, in compliance with Hon. S. Kate Vaughan's Minute Order at Dkt 58.

By *s/ Alexander A. Baehr*
Alexander A. Baehr, WSBA No. 25320
315 Fifth Avenue S., Suite 1000
Seattle, WA 98104
Telephone: (206) 676-7000
Email: alexb@summitlaw.com

CLARKSON LAW FIRM, P.C.

Glenn A. Danas
Yana Hart
Katelyn M. Leeviraphan
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070
Email: gdanas@clarksonlawfirm.com
yhart@clarksonlawfirm.com
kleeviraphan@clarksonlawfirm.com

BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, PC

Marc E. Masters
Barr Benyamin
1875 Century Park East, 23rd Floor
Los Angeles, California 90067
Telephone: (310) 201-2100
Email: mmasters@birdmarella.com
bbenyamin@birdmarella.com

GLANCY PRONGAY & MURRAY LLP

Jonathan Rotter
Raymond D. Sulentic
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: jrotter@glancylaw.com
rsulentic@glancylaw.com

**Attorneys for Plaintiffs and the Putative Classes and Subclasses**

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2024 I electronically filed the foregoing with the Clerk of the USDC, Western District of Washington, using the CM/ECF system which will send notification of such filing to the following:

DAVIS WRIGHT TREMAINE, LLP

Fred B. Burnside, WSBA No. 32491
fredburnside@dwt.com
Stephen M. Rummage, WSBA 11168
steverummage@dwt.com
Jaime Drozd, WSBA No. 35742
jaimedrozd@dwt.com
Xiang Li, WSBA No. 52306
xiangli@dwt.com
Caleah N. Whitten, WSBA No. 60209
caleahwhitten@dwt.com
James Moon, pro hac vice
jamesmoon@dwt.com

**Attorneys for Defendant Microsoft Corporation**

DATED this 18th day of October, 2024.

SUMMIT LAW GROUP, PLLC

*s/ Karen M. Lang*
Karen M. Lang, Legal Assistant
karenl@summitlaw.com