The Honorable S. Kate Vaughan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NOAH SAEEDY, VISHAL SHAH, TINA WILKINSON, and M.C., a minor, by and through his natural parent and legal guardian, Moses Chatmann III, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

MICROSOFT CORPORATION, a Washington corporation,

Defendant.

No. 2:24-cv-00219-SKV

**MICROSOFT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF RE MOTION TO COMPEL ARBITRATION AND STAY CASE**

**NOTE ON MOTION CALENDAR: OCTOBER 18, 2024**



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........................................................................................ 1

II. ARGUMENT ............................................................................................... 1

A. Plaintiffs Assented to the MSA and its Arbitration Agreement. .......................... 1

B. Plaintiffs Seek Private Injunctive Relief. .............................................................. 3

C. The Court Should Compel M.C. to Arbitrate. ...................................................... 5

III. CONCLUSION ........................................................................................... 5




Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Am. Title Ins. Co. v. Lacelaw Corp.*,
861 F.2d 224 (9th Cir. 1988) ....................5

*Berman v. Freedom Financial Network, LLC*,
30 F.4th 849 (9th Cir. 2022) ....................1

*Blair v. Rent-A-Ctr., Inc.*,
2017 WL 4390173 (N.D. Cal. 2017) ....................4

*California Crane Sch., Inc. v. Google LLC*,
2024 WL 1221964 (N.D. Cal. 2024) ....................4

*Day v. Microsoft Corp.*,
2014 WL 243159 (W.D. Wash. 2014) ....................3

*Fama v. Opportunity Fin. LLC*,
2023 WL 9954028 (W.D. Wash. 2023) ....................5

*Ferguson v. Corinthian Colls., Inc.*,
733 F.3d 928 (9th Cir. 2013) ....................5

*Hodges v. Comcast Cable Communications, LLC*,
21 F.4th 535 (9th Cir. 2021) ....................3, 4

*J.A. v. Microsoft Corp.*,
2021 WL 1723454 (W.D. Wash. 2021) ....................3

*MacClelland v. Cellco P'ship*,
609 F. Supp. 3d 1024 (N.D. Cal. 2022) ....................4

*Mendoza v. Microsoft Inc.*,
2014 WL 4540225 (W.D. Wash. 2014) ....................3

*Norcia v. Samsung Telecomms. Am., LLC*,
845 F.3d 1279 (9th Cir. 2017) ....................2

*Oberstein v. Live Nation Ent., Inc.*,
60 F.4th 505 (9th Cir. 2023) ....................2, 3

*PTP OneClick, LLC v. Avalara, Inc.*,
2020 WL 4729174 (W.D. Wash. 2020) ....................5



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Scally v. PetSmart LLC*,
2024 WL 37222 (N.D. Cal. 2024) ....................................................................................4

*Shuman v. SquareTrade Inc.*,
2020 WL 12894954 (N.D. Cal. 2020) .............................................................................2

*Walsh v. Microsoft Corp.*,
2014 WL 4168479 (W.D. Wash. 2014)...........................................................................3

**State Cases**

*Sellers v. JustAnswer LLC*,
73 Cal. App. 5th 444 (2021) ..........................................................................................1

**Federal Statutes**

9 U.S.C. § 3.......................................................................................................................1

9 U.S.C. § 4.......................................................................................................................1



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

Microsoft's undisputed evidence shows that Plaintiffs objectively manifested assent to the MSA and arbitration agreement, thereby agreeing to individually arbitrate their claims, and that these terms are enforceable. Microsoft further showed that courts have repeatedly upheld the Microsoft terms and notice and assent process even where Microsoft relied on descriptions, instead of the exact screenshots presented to those plaintiffs. Dkt. 62 at 1 (citing Microsoft cases enforcing these same or similar terms and assent process). This is consistent with longstanding case law. *See id.* at 1–4. Plaintiffs have not identified any cases suggesting otherwise, and have not met their burden to show unenforceability. The Court should, as numerous courts have done, compel them to individual arbitration and should stay these proceedings pending those arbitrations. 9 U.S.C. §§ 3–4. Plaintiffs' supplemental brief does not meaningfully respond, instead merely reiterating their prior arguments about assent, public injunctive relief, and M.C. As shown below, none of these arguments has merit.

## II. ARGUMENT

### A. Plaintiffs Assented to the MSA and its Arbitration Agreement.

Plaintiffs' supplemental brief fails to refute Microsoft's uncontroverted proof of assent. Indeed, Plaintiffs simply make the same arguments relying on the same distinguishable cases as their prior briefing. Dkt. 61 at 1–5; Dkt. 47 at 14–16. The holding in *Sellers v. JustAnswer LLC* has no application here, as this case involves a free, *continuing* service that Plaintiffs willingly signed up for and used for years. As recognized in *Sellers* and its progeny, reasonable internet users would understand such an arrangement to entail their agreement to terms and conditions. 73 Cal. App. 5th 444, 471–72 (2021); *see also* Dkt. 62 at 5. None of Plaintiffs' cases is factually analogous to the unambiguous notice and manifestation of assent shown here. Dkt. 61 at 1–5. *Berman v. Freedom Financial Network, LLC*, for example, involved "font so small that it is barely legible to the naked eye" without any notification indicating "to the user what action would constitute assent to th[e] terms and conditions." 30 F.4th 849, 856–58 (9th Cir. 2022). In contrast, Microsoft provided notice in legible font on an uncluttered screen explaining that, by



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

selecting the action button, the user is assenting to the blue hyperlinked MSA. Dkt. 62 at 6–7; Dkt. 6 at 3; Dkt. 7 ¶¶ 3–5. That is why courts have upheld this very MSA notice and assent process for years. Dkt. 62 at 1–4. As this case law and record makes plain, Microsoft has established Plaintiffs' objective manifestation of assent to the MSA by a preponderance of the evidence, which is all that is required. Dkt. 62 at 7; *e.g.*, *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 513 (9th Cir. 2023).

Plaintiffs' other cases are also distinguishable—each involved the failure to provide reasonable notice of the arbitration agreement at the time of contracting. *See Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1282–83, 1287 (9th Cir. 2017) (agreement in brochure sealed inside phone box at time of purchase); *Shuman v. SquareTrade Inc.*, 2020 WL 12894954, *14 (N.D. Cal. 2020) ("neither the receipt nor the Brochure [plaintiff] was given at the time of purchase contained any reference to the" agreement). Plaintiffs do not dispute that they were presented with notice that continuing with the account-creation process for their Microsoft accounts meant they were agreeing to the MSA (even if they claim they did not actually read it). Dkt. 51-52 ¶ 10 (all stating "[i]t is possible that there may have been a reference to the MSA"). Microsoft's evidence showed that was the case for anyone with a Microsoft account despite immaterial changes over time. Dkt. 62 at 3–6; Dkt. 7 ¶¶ 3–5; Dkt. 63 ¶¶ 2–4.

In short, *all* the evidence establishes that Plaintiffs assented to the MSA in creating their Microsoft accounts—indeed, they had to, or they could not have created their accounts. Dkt. 62 at 3–9; Dkt. 47 at 19. Plaintiffs continue to argue that they pressed the "enter" key after inputting their password. Dkt. 61 at 2–3. But this makes no difference—hitting an "enter" key is simply another way to *objectively manifest assent* to terms, after notice of and an opportunity to review them. Dkt. 62 at 7–8. In any event, Plaintiffs' self-serving recollections are irrelevant, because what matters is their objective manifestation of assent, not their subjective recollections. Dkt. 62 at 4. Even if that were otherwise (and it is not), these self-serving recollections contradict the account-creation pages captured by the Wayback Machine, which show additional questions and fields, including a Captcha field, that were required to complete the account-creation process.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Dkt. 63 Exs. A–C. These pages also resolve Plaintiffs' new argument that a password suggestion pop-up concealed the hyperlinked notice—an argument that is not supported by their declarations. Dkt. 48 ¶¶ 6–7, 11 (showing blue hyperlinked notice is presented after user is asked to verify email address).

Under settled law, all Microsoft must show is that it presented the MSA to Plaintiffs in an objectively reasonable manner and that Plaintiffs' actions objectively indicated their agreement. *Oberstein*, 60 F.4th at 513. Microsoft has met this standard, Dkt. 6 at 3–5; Dkt. 62 at 3–9, as numerous courts have held under similar circumstances. *Day v. Microsoft Corp.*, 2014 WL 243159, *1 (W.D. Wash. 2014); *J.A. v. Microsoft Corp.*, 2021 WL 1723454, *4 (W.D. Wash. 2021); *Mendoza v. Microsoft Inc.*, 2014 WL 4540225, *1 (W.D. Wash. 2014); *Walsh v. Microsoft Corp.,* 2014 WL 4168479, *1 (W.D. Wash. 2014). Plaintiffs assented to the MSA and its arbitration agreement as a necessary condition precedent to creating their Microsoft accounts.

**B. Plaintiffs Seek Private Injunctive Relief, Not Public Injunctive Relief.**

Plaintiffs do not seek public injunctive relief and cannot escape the Ninth Circuit's holding in *Hodges v. Comcast Cable Communications, LLC*, 21 F.4th 535 (9th Cir. 2021). Public injunctive relief is "limited to forward-looking injunctions that seek to prevent future violations of law for *the benefit of the general public as a whole*, as opposed to a particular class of persons, and that do so without the need to consider the individual claims of any non-party." *Id.* at 542 (emphasis added). Injunctions relating only to past harms or that benefit a defined group of persons are not public injunctions. *Id.* at 542–44.

Plaintiffs attempt to escape *Hodges* by arguing they "seek to enjoin Microsoft from intercepting, collecting, and using any portion of *any* users' private data." Dkt. 61 at 5. But this argument rewrites their Complaint. Their Prayer for Relief requests an injunction "preventing Defendant from continuing to intercept, receive, collect, or use *Plaintiffs'*, the *Classes'*, and *Subclasses'* data in the ways alleged herein." Dkt. 1-1 at p. 89 (emphasis added). Plaintiffs' proposed Classes and Subclasses are a limited group of Edge users whose "personal information" Microsoft allegedly intercepted. *Id.* ¶¶ 198–99. Indeed, all the actions Plaintiffs



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

seek to impose on Microsoft involve only these limited group of persons—i.e., their defined group of Edge users. *See id.* ¶¶ 222, 230, 242, 245, 270, 283, 305 (all requesting Microsoft correct or take some action related to Plaintiffs, Classes, or Subclasses).

These allegations are similar to those that *Hodges* held insufficient to state a claim for public injunctive relief. There, plaintiff alleged Comcast violated privacy laws by collecting certain subscriber activity and information. 21 F.4th at 538. The Ninth Circuit noted that the complaint sought injunctive relief "with respect to those persons who are 'cable subscribers' of Comcast." *Id.* at 548–49. The court held that "unlike the public injunctive relief sought in *McGill*, *Broughton*, and *Cruz*," cases which all sought to enjoin allegedly false and deceptive advertising, "these requests on their face stand to benefit only Comcast 'cable subscribers'—*i.e.*, by definition they will only benefit a 'group of individuals similarly situated to the plaintiff.'" *Id.* at 549. The Court should reach the same conclusion here: Plaintiffs' requests stand to benefit only Edge users, *not* the general public. Numerous courts have since endorsed *Hodges*' approach. *E.g.*, *Scally v. PetSmart LLC*, 2024 WL 37222, * 2–3 (N.D. Cal. 2024) (declining to grant interlocutory appeal because "substantial grounds do not exist for disagreement as to the application of *McGill* to the instant case" where plaintiff sought to relief limited defendant's employees); Dkt. 53 at 15 (collecting cases).

Plaintiffs' cases do not require a different result. Dkt. 61 at 6–7. All the cases involved requested injunctive relief that "would provide diffuse benefits to the public" because they all involved public-facing claims for antitrust violations or false representations/advertising, not alleged invasions of privacy. *California Crane Sch., Inc. v. Google LLC*, 2024 WL 1221964, *5 (N.D. Cal. 2024); *MacClelland v. Cellco P'ship*, 609 F. Supp. 3d 1024, 1038 (N.D. Cal. 2022); *Blair v. Rent-A-Ctr., Inc.*, 2017 WL 4390173, *3 (N.D. Cal. 2017). And *Blair* did not address the issue, but there the plaintiff explicitly sought public injunctions in connection with their statutory claims "on behalf of the people of California" to prevent defendant from committing future violations of state statutes that conferred the right to seek a public injunction. *Id.*

Finally, even if Plaintiffs were seeking public injunctive relief, they wholly ignore that



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the MSA provides a severance procedure allowing the parties to return to court to rule on the "public injunction remedy" after the arbitrator decides liability. Dkt. 7-1 § 15(g). As argued in Microsoft's briefing, many courts have endorsed this approach and declined to hold that such arbitration agreements are unenforceable. *E.g.*, *Ferguson v. Corinthian Colls., Inc.*, 733 F.3d 928, 937 (9th Cir. 2013) ("Plaintiffs may return to the district court to seek their public injunctive relief" after arbitration); *Fama v. Opportunity Fin. LLC*, 2023 WL 9954028, *9 (W.D. Wash. 2023) (holding "there is nothing substantively unconscionable about" arbitration agreement permitting claims for public injunctive relief "to proceed in court, if required by the FAA"); Dkt. 53 at 16 (collecting cases). Plaintiffs have never addressed any of this case law.

**C. The Court Should Compel M.C. to Arbitrate.**

Plaintiffs have not amended their Complaint in this Court. As such, M.C. is bound by his judicial admission that he was "almost always logged into his Microsoft account" while browsing Edge. Dkt. 1-1 ¶ 23; *see also* Dkt. 62 at 9–10. He has not provided evidence that he "never created a Microsoft account for himself." Dkt. 61 at 7. His father's declaration is inadmissible hearsay and the Court should refuse to consider it. Dkt. 62 at 10. Plaintiffs make no argument that M.C.'s present allegation in his operative pleading before this Court is anything less than a "judicial admission conclusively binding on [M.C.]" under controlling law. Dkt. 62 at 9 (citing *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)); *PTP OneClick, LLC v. Avalara, Inc.*, 2020 WL 4729174, *7 (W.D. Wash. 2020) (declining to allow plaintiff "to withdraw the judicial admissions in its complaint" and disregarding "contradictory statements in [its] recent declaration").

## III. CONCLUSION

Microsoft respectfully requests that the Court compel Plaintiffs to arbitrate their claims on an individual basis and stay the case pending resolution of those individual arbitrations.

///

///

///



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 18th day of October, 2024.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Microsoft Corporation*

By: *Fred Burnside*
Fred B. Burnside, WSBA #32491
Stephen M. Rummage, WSBA #11168
Xiang Li, WSBA #52306
Caleah Whitten, WSBA #60209
steverummage@dwt.com
fredburnside@dwt.com
xiangli@dwt.com
caleahwhitten@dwt.com

James Moon, *pro hac vice*
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
jamesmoon@dwt.com